ROWENA LONGFELLOW *& als. versus* GEO. H. LONGFELLOW.*

To prove that the relation of landlord and tenant subsisted between the parties .to an action of assumpsit for use and occupation, it is competent for the plaintiffs to introduce a lease between the same parties, executed at a previous period, covering the same and other premises, and extending down to the commencement of the time sued for in this action, although ·such lease had expired and the rent under it had all been paid.

To the admissibility of such a lease it cannot be objected, for the first time at the law argument, that there is no evidence that the parties to the lease are identical with the parties to the action, and that the lease was *res inter alios ;* such objection, when not made at the trial, comes too late, whether· the case comes up by exceptions or on report.

What facts will make out a *prima facie* case in such an action.

In assumpsit for rent accruing after the termination of a lease for a term of years, the tenant will not be permitted to deny the title of his landlord so long as he holds over, without surrendering possession of the whole premises for which rent is claimed. He cannot, by surrender of a part of the premises, acquire the right to dispute the landlord's title to the remainder.

A defendant cannot invoke the aid of the statute of limitations unless he has specified it as a ground of defence.

ON REPORT.

ASSUMPSIT by Rowena Longfellow, Emma D. Smith, Amanda L. Longfellow, Arethusa B. Longfellow, Rowena H. Longfellow, Eliza G. Longfellow, Jacob Longfellow and Henry A. Longfellow, widow and all the surviving children and heirs at law of Daniel Longfellow, deceased, against the defendant, for the use and occupation of certain land, from April 1, 1856, to September 18, 1862.

Plea, general issue, with a brief statement denying the relation of landlord and tenant, denying the plaintiff's title and asserting title in the defendant, and also the statute of limitations.

The specifications of defence contained no allusion to the statute of limitations.

The plaintiffs offered, and the presiding Judge admitted,

---

* This case has come into the possession of the present Reporter since the issuing of vol. 53.

against certain objections by the defendant, a lease to the defendant, signed by Rowena Longfellow, Eliza G. Longfellow, Jacob Longfellow, William C. Smith and his wife Emma Smith, and Nathan Longfellow, " as guardian of the minor heirs of Daniel Longfellow," of the same premises, (together with other land,) for which rent was claimed in this action, for the term of ten years from April 1, 1846.

The remaining facts of the case, including the essential part of the evidence, are sufficiently stated in the opinion.

*George F. Talbot*, for the plaintiffs.

*Joseph Granger*, for the defendant.

1. The lease was inadmissible. It was *functus officio*. The term had long ago expired. The rent reserved had all been paid. This action was not instituted to recover any rent stipulated for in the lease, nor for the performance or non-performance of any covenant or stipulation in the lease.

Besides, it was an instrument *inter alios*.

Amanda W. Longfellow, Arethusa B. Longfellow, Rowena H. Longfellow and Henry A. Longfellow are plaintiffs, and not parties to the lease. Nathan Longfellow is a party to the lease, and is not a plaintiff in this suit. Henry A. Longfellow was a witness to the lease. It does not appear for whom Nathan Longfellow was guardian. Nor that his interest as guardian had expired or ceased. If it had terminated, it either did so at the expiration of the lease, or it did not. If it did, the lease was not admissible. If it did not, Nathan Longfellow should have been a party to this suit.

It nowhere appears that Amanda W., Arethusa B., Rowena H. and Henry A. Longfellow, were not of full age at the date of the lease.

For whom was Nathan Longfellow guardian? Who were the minor heirs of Daniel Longfellow?

This action is not based upon any evidence of any right of property in the plaintiffs any further than it can lawfully be gathered from the lease. How can it be gathered from

the lease that those plaintiffs, who are not parties to it, have any interest in the leased premises?

2. A *prima facie* case was not made out. If the lease was admissible it disproved the plaintiffs' title. If it showed anything, it showed the title to be in other parties than the plaintiffs. Plaintiffs could not sail on two tacks at once. They could not play fast and loose, and take the ground that defendant was estopped and the plaintiffs not estopped, by the lease, to deny that the lessors were the sole owners of the leased premises.

Estoppels must be mutual and bind both parties or neither. If the lessors were the sole owners, several of the plaintiffs had no interest. If the action fails as to one it fails as to the whole. Misjoinder or non-joinder of plaintiffs goes to a nonsuit in an action of assumpsit.

3. The testimony offered by defendant was erroneously excluded.

Defendant never occupied the land for which this rent is claimed as the tenant of these plaintiffs. The relation of landlord and tenant never subsisted between them. Defendant was once the tenant of a part only of the plaintiffs and another person not in the suit.

Defendant is in no way estopped to deny the title of Henry A. Longfellow, Amanda W., Arethusa B., or Rowena H. Longfellow.

Plaintiffs themselves have shown that Rowena Longfellow, the widow, has no title and never had any. Plaintiffs say the property belonged to Daniel Longfellow, her husband. As his widow, Rowena had no right, unless she had a right of dower, and there is no evidence that she ever claimed dower in the leased premises, much less, that it was ever set out to her, or that she was entitled to it. No evidence that she was the mother of any of Daniel Longfellow's children, or in any way the heir of Phineas who died.

No objection was made to plaintiffs showing that Rowena, the widow, had no title. Plaintiffs cannot set up an estoppel against the effect of their own proofs.

Longfellow *v.* Longfellow.

Estoppels are odious, as they shut out the truth, and are not to be pressed beyond the limits of well established rules.

If Rowena Longfellow never had any title, as the evidence adduced by the plaintiff shows, defendant is not estopped to insist on it as a ground of nonsuit.

If the landlord under whom the tenant entered never had any title, and he set up a title by fraud or mistake, it is well settled law that the tenant may show it. So the tenant may show that the title of his landlord has expired.

4. Defendant has already shown that defendant is at liberty to dispute the title of these plaintiffs, or at least a part of them, and that he is not estopped to deny the relation of landlord and tenant. As the estoppel does not apply, if at all, at least to a part of the plaintiffs, and as the plaintiffs have shown no title in themselves, and the defendant was precluded from showing title in himself, the Court will, in accordance with the agreement of the parties, order a new trial.

BARROWS, J. —The plaintiffs bring their action of assumpsit against the defendant for the use and occupation of the land upon which his shop stands, in Machias, from April 1, 1856, to Sept. 18, 1862. Writ dated Sept. 19, 1862. The case comes before us upon a report of the evidence, with stipulations that if certain rulings of the presiding Judge, admitting evidence offered by the plaintiffs and excluding testimony offered by defendant, are correct, and plaintiffs have made out a *prima facie* case, and defendant is not at liberty to dispute plaintiffs' title, or to deny that the relation of landlord and tenant continues to exist between the plaintiffs and himself, until he surrenders possession to them of all the land included in a certain lease, which was offered in evidence by the plaintiffs and which embraced the land for the use and occupation of which this suit is brought, the defendant is to be defaulted, otherwise the case is to stand for trial.

The testimony shows that the plaintiffs are the widow

and all the surviving children and heirs at law of Daniel Longfellow who died in 1837. Phineas Longfellow, another of the family, died without wife or children shortly after his father, and his share of his father's estate of course descended to his mother, brothers and sisters.

Nathan Longfellow, a brother of Daniel, 73 years old, testifies that Daniel always occupied the premises, (a portion of which is now covered by defendant's store,) claiming to own them, that he had a blacksmith shop on the lot, that his family, the plaintiffs, occupied the lot after his death and rented it; that witness, in behalf of plaintiffs, claimed damages of the town for taking some of the land for a town landing, and that the town paid $200 therefor; that the plaintiffs now receive rent for that part of the lot not occupied by defendant; that a fair yearly rent for the land covered by defendant's store for the last five or six years, would be $10 or $15.

Other witnesses testified to the occupation of the premises by Daniel Longfellow in his lifetime and by his family after his death. The plaintiffs offered in evidence the lease dated April 1, 1846, of the store lot with more of the adjacent land to the defendant, for 10 years, at an annual rent of $6 and taxes, executed by defendant as lessee, and Rowena, the widow, and three of the other plaintiffs and " Nathan Longfellow, as guardian," as lessors. The execution of the lease was not disputed and it was agreed that defendant had paid the rent under the lease for ten years up to the expiration of the term, April 1, 1856. Defendant objected to the introduction of the lease as evidence, "because it expired long ago and defendant does not now hold under it, but claims that he owns the property and has a better title to it than plaintiffs, and because it includes other land besides the store lot for which rent is claimed in this suit, — land which has been in plaintiffs' possession ever since the lease expired." The objections were overruled and the lease admitted. Was this erroneous?

To maintain this action of assumpsit for use and occupa-

tion, the relation of landlord and tenant must subsist between the parties, founded on an agreement either express or implied. Of the objections made at the time, the only one now urged in argument is, that the lease had expired before the commencement of this suit; was *functus officio*, and the suit was not brought for any rent reserved by the lease, which had all been paid by the defendant. But it was surely competent for the plaintiffs to show the existence of the relation of landlord and tenant between the parties, by evidence under the defendant's hand and seal, at a previous period, and to claim that, in the absence of evidence to the contrary, that relation continued to subsist which was thus proved to have been once established. But the main ground of objection now relied on is, that the instrument was *res inter alios*; that, of the present plaintiffs, Amanda, Arethusa, Rowena H. and Henry A Longfellow do not appear to have executed the lease, and that "Nathan Longfellow, as guardian," who did execute it, is not a party to this suit. It is urged that there is no evidence that Nathan Longfellow was guardian for Amanda and the other children, not executing as lessors, or that his interest as guardian has ceased.

No such objection was suggested at the time of the trial. Where testimony is objected to upon the trial of a cause, the party objecting should state specifically all the grounds of objection upon which he intends to rely. If he fails to do so, and the testimony is admitted, the ruling cannot be treated as erroneous. *White* v. *Chadbourne*, 41 Maine, 149.

The reason and propriety of this rule are obvious. When the objection is made at the time of trial, the opposite party has his fair opportunity to withdraw the testimony offered and avoid the point, — to offer other testimony in place of that which is objected to, or to bring out more distinctly in testimony facts that are tacitly understood between Court and counsel as admitted, when the objections offered are considered and the rulings made, and which would do away with

the objection thus subsequently raised.    The case at bar well illustrates the fitness and justice of this rule.    When the case was presented at *nisi prius*, it is hardly possible that this objection of *res inter alios* should have occurred to either of the counsel or to the presiding Judge.    Testimony was given as to the relationship of the parties plaintiff, and as to Nathan Longfellow's position as guardian of the younger children, from which the substantial identity of the parties to the lease with the parties to the suit was received as undisputed.    But the counsel now gravely argues that this was all *res inter alios* and inadmissible, because it was not stated which of the children Nathan Longfellow was guardian for, or that Amanda, Arethusa, Rowena H., and Henry were not of age at the date of the lease, or that Nathan Longfellow is not still guardian for some minor heirs.    If there is any obscurity as to this matter in the testimony as reported, it would be the grossest injustice to allow an objection, thus held in reserve until too late to be obviated, to prevail and expose parties to additional delay and expense. The doctrine that objections thus taken come too late, is well established upon sound reason and authority.    They are not to be considered as open matters upon the hearing of exceptions, and upon a report presented with such stipulations as this, the correctness of the rulings must be tested in the same manner as it would be upon exceptions. The lease, then, was rightly admitted.    Was a *prima facie* case made out?    Could the jury have fairly inferred, from the testimony that was put in, all that was necessary to entitle the plaintiff to a verdict?    Defendant's counsel undertakes to argue that the lease disproves the title of the plaintiffs, or some of them, and shows it to have been in other parties.    An examination of the testimony shows that there is nothing upon which to base such an idea.    Nathan Longfellow testifies that some of Daniel's children were over 40 years of age in 1863.    Then they were over 21 in 1846, when the lease was made.    The widow and three children sign the lease as lessors, and Nathan Longfellow signs "as

guardian," being described in the lease as " Guardian of the minor heirs of Daniel Longfellow." It appears, from his testimony, that the plaintiffs are the widow and the children, and *all* the children of Daniel that survived their father, except Phineas, who died without wife or children in a few years after his father, — that Daniel died in 1837, from which it follows that the youngest child must have arrived at the age of 21 years when the suit was brought, in 1862. The question for whom was Nathan Longfellow guardian is sufficiently answered, and in a manner perfectly consistent with the title of the plaintiffs, and with their right to maintain this suit. By taking such a lease, defendant must be considered as admitting not only the title of the widow and heirs of Daniel Longfellow, but that at the date of the same some of them were of age to contract and some were minors. He dealt with them as if such were the case, and it is not now in his mouth to say that there is no evidence that so it actually was. Nathan Longfellow was a party to the lease only to represent the title and interest of those who, being then incapacitated to make contracts respecting their property, are now of age and do not further require his intervention. *They* were the real parties in interest and a lease thus executed does not disprove and has no tendency to disprove their title. The defendant does not claim that a *prima facie* case is not made out in other respects, so that it is unnecessary further to rehearse the details of the testimony.

The defendant offered to prove by legal testimony the property to be his, — that he has paid no rent and has never promised to pay any for it since the expiration of the lease. But he admitted that he entered under the lease and that he never surrendered that part of the property, for which rent is here claimed, to the plaintiffs after its expiration.

The general rule that the defendant in this action of assumpsit, for use and occupation, as in all actions for rent, is not permitted to call in question his landlord's title to the

premises, or in any way to impeach it, is not disputed here. The relation of landlord and tenant once established, the defendant, so long as that relation subsists, cannot be suffered to allege title in himself or in any person other than him from whom he holds. He may show that the plaintiff's interest was but temporary, and that it has expired, — or that he has conveyed it away subsequent to the demise to some third person under whom defendant has commenced a fresh holding, — or that the tenancy has been determined, and that subsequently to the determination he has ceased to occupy the premises. But the defendant here proposed to do none of these things. His position here is based upon the same not very ingenuous hypothesis upon which he founds his argument in support of the points previously discussed, viz. : — that the lessors and the plaintiffs are not shown to be identical, because it was not testified *totidem verbis* that Nathan Longfellow was the guardian of Amanda, Arethusa, Rowena H., and Henry A. Longfellow, and, upon the further untenable proposition that plaintiffs themselves have shown that Rowena, the widow, had no title, and, therefore, an estoppel cannot be claimed as to her. The defendant accepted a lease from her jointly with others, doubtless well knowing that she was entitled to a share from her deceased son Phineas, and we shall not presume, in order to avoid any estoppel thereby created, that Daniel Longfellow had another wife besides the one who is proved to have survived him, or that his son Phineas was the child of some woman whose existence is not suggested, until the final argument of the case as a question of law.

Defendant admitted that he entered under the lease and that he never surrendered that part of the property, for which rent is here claimed, to the plaintiffs after its expiration. He would have it, that after the expiration of the term, he is at liberty to deny the relation of landlord and tenant between his lessors and himself, without quitting the possession. But the law settles his *status* differently. An abundance of cases declare that a lessee thus holding over

is the tenant at will of the lessor. The relation of land-
lord and tenant continues until the lessee has yielded the
possession which he gained by the consent of the lessors
and in submission to their title. When a lease has expired,
the tenant continues liable for the rent, in an action of as-
sumpsit for use and occupation, unless he delivers up com-
plete possession of the premises, or the landlord accepts
another in his room. Lord KENYON, in *Harding* v. *Cre-
thorn*, 1 Esp., 57. "When a tenant is permitted to hold
over, it is to be presumed that he does so as to the pay-
ment of rent upon the same terms as had been agreed upon
in the lease." WHITMAN, C. J., in *Wheeler* v. *Cowan*, 25
Maine, 287.

And the estoppel, before referred to, applies to each part
and parcel of the premises held under the demise. The
tenant cannot by a surrender of a part of the premises ac-
quire the right to dispute his landlord's title to the remain-
der.

The statute of limitations was not specified as one of the
grounds of defence, and cannot now be invoked by the de-
fendant.

The legal rights of the defendant were not prejudiced in
any essential particular by the rulings at *Nisi Prius*, which
were all substantially correct.    *Defendant defaulted, —*
            *Damages to be assessed by the Clerk accord-*
                *ing to the agreement in the report and on*
                    *the rule given by the Judge at Nisi Prius.*

APPLETON, C. J., CUTTING, KENT, WALTON and DAN-
FORTH, JJ., concurred.